# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JERRY J. MCELROY and CARLA D. MCELROY § § § | Civil Action No. 4:17-CV-806 (Judge Mazzant/Judge Nowak) |
| v. § § | |
| HSBC BANK USA, N.A., AS TRUSTEE FOR NOMURA HOME EQUITY LOAN, INC., ASSET-BACKED CERTIFICATES, SERIES 2006-FMI, and OCWEN LOAN SERVICING, LLC § § § § § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 28, 2018, the report of the Magistrate Judge (Dkt. #20) was entered containing proposed findings of fact and recommendations that Plaintiff Jerry J. McElroy's Motion to Dismiss Without Prejudice (Dkt. #17) be denied. Having received the report and recommendation of the Magistrate Judge (Dkt. #20), having considered Plaintiff Jerry J. McElroy's "Answer to Order" (Dkt. #23), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report (Dkt. #20) should be adopted.

### RELEVANT BACKGROUND

Plaintiffs filed the instant suit in the 431st Judicial District Court of Denton County, Texas, on November 3, 2017 (Dkts. #1-2, #1-3). Plaintiffs' Petition seeks to quiet title and prevent foreclosure of the property located at 1713 Briaroaks Drive, Flower Mound, Texas 75028 (the "Property") (Dkt. #1-2 at pp. 1–2). Defendants removed the case on November 15, 2017 and filed a Motion for Summary Judgment on May 9, 2018 (Dkts. #1, #15).

After Defendants' Motion for Summary Judgment was filed, Plaintiff Jerry J. McElroy filed a motion for voluntary dismissal, asking to dismiss the instant suit without prejudice (Dkt. #17). No explanation was provided regarding the request for dismissal. Defendants oppose the request, and ask the Court to either deny the Motion to Dismiss or dismiss Plaintiffs' claims with prejudice (Dkt. #18 at p. 3).

The Magistrate Judge entered a report and recommendation on June 28, 2018, recommending that the Motion to Dismiss be denied (Dkt. #20). On that same day, the Magistrate Judge also entered an Order directing Plaintiffs to file a response to Defendants' pending Motion for Summary Judgment on or before July 12, 2018 (Dkt. #21). In response to such Order, Plaintiff Jerry J. McElroy filed a document titled "Answer to Order", which the Court construes herein as an objection to the report and recommendation (Dkt. #23).

**OBJECTIONS**

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). McElroy's objection asserts that before this matter was removed to federal court, Plaintiffs' former legal counsel failed to inform Plaintiffs that he could not represent them in the Eastern District of Texas (Dkt. #23 at p. 1). McElroy asserts that he is ignorant of the law and without the assistance of counsel does not know "how to go about ending the case" (Dkt. #23 at p. 1). Finally, he states that he is "not aware of any legal prejudice that would exist if dismissal was granted" (Dkt. #23 at p. 1) and that he has caused no excessive delays in the proceedings.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Fed. R. Civ. P. 41(a)(2); *accord Elbaor v. Tripath Imaging*, Inc., 279 F.3d 314, 317 n. 2, 3 (5th Cir. 2002). In evaluating a motion for voluntary dismissal under Rule 41, the Court should take into consideration whether an unconditional dismissal will cause the non-movant to suffer legal prejudice. Legal prejudice has been defined as "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). The following factors are taken into consideration when determining whether the Court should deny a Rule 41(a)(2) motion for voluntary dismissal: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Elbaor*, 279 F.3d at n. 3 (quoting *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)).

Upon review, the Court finds Defendants would be prejudiced by the granting of the Motion to Dismiss. As detailed in the report and recommendation, a dispositive motion, specifically Defendants' Motion for Summary Judgment (Dkt. #15), is currently pending on the Court's docket and is ripe for disposition. *See Oxford v. Williams Companies, Inc.*, 154 F. Supp. 2d 942, 952 (E.D. Tex. 2001) (finding that defendants expended significant effort litigating the claim and preparing a motion for summary judgment, which warranted the denial of plaintiff's Rule 41(a)(2) motion); *see also Bobo v. Christus Health*, 227 F.R.D. 479, 481 (E.D. Tex. 2005) (denying motion for voluntary dismissal where dispositive motion was pending). The Court further notes that the Property has been the subject of recurring litigation between Plaintiffs and Defendants for approximately six years (*see* Dkts. #15-1, #15-2, #15-3, #15-4, #15-5, #15-6, #15-7). To allow Plaintiffs to voluntarily dismiss this action without prejudice, while Defendants' dispositive motion remains pending, would prejudice Defendants' efforts to assert their purported

rights to the Property. *See Perry v. Fed. Nat. Mortg. Ass'n*, 3:14-CV-0077-B, 2014 WL 3972295, at *9 (N.D. Tex. Aug. 13, 2014) (denying motion for voluntary dismissal where the matter "was removed to this Court over eight months ago, and has been preceded by three years of legal maneuvering on Perry's part in order to avoid eviction.").

Moreover, concerning Plaintiffs' *pro se* status and professed ignorance of Court proceedings, it is worth noting that "[c]ourts have continuously held that ignorance of the law and inadvertent noncompliance, including missed deadlines and defective pleadings, are inexcusable even when the plaintiff is proceeding *pro se.*" *Modica v. Alford*, 1:10-CV-515, 2011 WL 1883822, at *4 (E.D. Tex. Mar. 25, 2011), *report and recommendation adopted*, 1:10-CV-515, 2011 WL 1878233 (E.D. Tex. May 17, 2011) (citing *McNeil v. United States,* 508 U.S. 106, 114 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel")). Thus, though the Court understands Plaintiffs have a desire to end this case, it cannot grant dismissal in light of the prejudice such dismissal would impose on Defendants. Accordingly, the objection is overruled.

## CONCLUSION

Having considered Plaintiff Jerry J. McElroy's objection (Dkt. #23), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #20) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** Plaintiff Jerry J. McElroy McElroy's Motion to Dismiss Without Prejudice (Dkt. #17) is **DENIED**.

4

It is further **ORDERED** that Plaintiffs shall file a response to the Motion for Summary Judgment within fourteen (14) days of receipt of this Order. No further extensions of this deadline shall be granted.

**IT IS SO ORDERED**.

**SIGNED this 16th day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE